UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELA FIELDS                                                                                           PLAINTIFF

v.                                                                    CIVIL ACITON NO. 3:16-cv-839-HTW-FKB

MISSISSIPPI DEPARTMENT OF
HUMAN SERVICES                                                                                        DEFENDANT

## ORDER

This case is before the Court on Plaintiff's Motion to Order Defendant to Answer Discovery and Stay Response to Motion for Summary Judgment [26]. The Court finds as follows.

Plaintiff Angela Fields filed this employment discrimination suit against Defendants Mississippi Department of Human Services ("MDHS") and the State of Mississippi. The Court dismissed the State of Mississippi on September 21, 2017, and entered a Case Management Order [20] on May 24, 2018. The CMO set two relevant deadlines: March 20, 2019, for the parties to complete discovery and April 3, 2019, for the parties to file dispositive motions.

Fields waited nearly nine months to propound discovery. On February 26, 2019, she served interrogatories and requests for production of documents to MDHS. [23]. MDHS's responses would have been due March 28, 2019, eight days after the discovery deadline's passage. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). MDHS did not respond to Fields's discovery requests.

On April 3, 2019, MDHS filed a Motion for Summary Judgment [24]. On April 12, 2019, Fields filed the instant motion. She asks that the Court order MDHS to respond to her discovery requests and asks for a stay of the deadline for her to respond to MDHS's Motion for Summary Judgment. Fields offers no explanation for why she waited until February 26, 2019, to propound

discovery.[1] She explains only that the discovery responses "are needed and will enable [her] to respond to the Motion for Summary Judgment." [26] at 2. Fields did not file the memorandum brief required by L.U.Civ.R. 7(b)(4). Nor did she request the telephonic discovery conference required by Section 6.F.4. of the Case Management Order [20].

The CMO set "a firm discovery deadline" of March 20, 2019. *See* L.U.Civ.R. 26(b). "Counsel must initiate discovery requests . . . sufficiently in advance of the discovery deadline date to comply with this rule, and discovery requests that seek responses . . . that would otherwise be answerable after the discovery deadline date are not enforceable except by order of the court for good cause shown." L.U.Civ.R. 26(b)(2).

Fields has failed to show good cause for her failure to timely propound the discovery requests at issue. Accordingly, the motion [26] is denied. The Court sets a deadline of May 24, 2019, for Fields to respond to MDHS's Motion for Summary Judgment [24].

SO ORDERED, this the 10th day of May, 2019.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[1] Fields states that she did not receive a transcript of her November 30, 2018, deposition until March 12, 2019. [26] at 1. However, she fails to explain why that would have prevented her from propounding discovery until February 26, 2019. Even if the two events were somehow connected, the emails attached to MDHS's response suggest that Fields's attorney did not inquire about the status of the deposition transcripts until February 27, 2019, the day after he propounded the discovery at issue. [27-1] at 1.