STATE OF MISSISSIPPI



OFFICE OF THE ATTORNEY GENERAL

JIM HOOD
ATTORNEY GENERAL

HUMAN SERVICES
DIVISION

December 4, 2015

Geraldine T. Kelly
ADR Mediator
U.S. Equal Employment Opportunity Commission
Jackson Area Office
100 West Capital Street
Suite 338
Jackson, Mississippi 39269

RECEIVED
DEC 07 2015
U.S. EEOC/JAO

Re: Angela Z. Fields v. Mississippi Department of Human Services
EEOC Number: 423-2015-02322.

Dear Ms. Kelly:

Enclosed please find the response of the Mississippi Department of Human Services to your request for information and records regarding the above referenced EEOC Charge Number.

Please feel free to contact me should you have additional questions or concerns. Thank you for your consideration of this matter.

Sincerely,

Denita N. Smith
Special Assistant Attorney General

EXHIBIT 11

750 N. STATE STREET - POST OFFICE BOX 220- JACKSON, MISSISSIPPI 39205
TELEPHONE (601) 359-4239 - FACSIMILE (601) 359-4240

Charging Party: Angela Z. Fields
Respondent: Mississippi Department of Human Services
EEOC Charge No.: 423-2015-02322

## REQUEST FOR INFORMATION

1. Give the correct name and address of the facility named in the charge.

   *Mississippi Department of Human Services*
   *750 North State Street*
   *Jackson, Mississippi 39202*

2. State the total number of persons who were employed by your organization during the relevant period. Include both full and part-time employees. How many employees are employed by your organization at the present time.

   *3,429 employed during the relevant period of January 1, 2014. There are 3,320 employed presently.*

3. Supply an organizational chart, statement, or documents which describe your structure, indicating, if any, the relationship between it and superior and subordinate establishments within the organization.

   *See Exhibit "A."*

4. Supply a statement or documents which identify the principal product or service of the named facility.

   *The MDHS Mission Statement: To provide for people in need of optimizing all available resources to sustain the family unit and to encourage traditional family values thereby promoting self-sufficiency and personal responsibility for all Mississippians*

5. State the legal status of your organization, i.e., corporation, partnership, tax-exempt non profit, etc. If incorporated, identify the state of incorporation.

   *State Agency.*

6. State whether your organization has a contract with any agency of the federal government or a subcontractor on a project which receives federal funding. Is your organization covered by the provisions of Executive Order 11246? If your answer is yes, has your organization been the subject of a compliance review by the OFCCP at any time during the past two years?

      *a) Yes.*    *b) Yes.*    *c) No.*

7. Submit a written position statement on each of the allegations of the charge, accompanied by documentary evidence and/or written statements, where appropriate. Also include any additional information and explanation you deem relevant to the charge.

   *Ms. Angela Fields has not been discriminated against in violation of the American with Disabilities Act of 1990, as amended. Under the ADA, it is necessary that any limitations be measured against the essential functions of the employee' position. Specifically, reasonable workplace accommodations are intended to enable the employee to perform his/her job to the same standard as their contemporaries within the same job class. The Disabilities' Act of 1990 states "Reasonable workplace accommodations are provided by the employer to assist the employee in performing the essential functions of his/her job." In this case, Ms. Fields' healthcare provider(s) is requesting that she not perform the primary essential functions of her job. In situations where an employee is no longer able to perform his/her job, an essentially equivalent job is afforded, if one exists. Our search has determined that there are no jobs essentially equivalent to Ms. Fields' current position as a DHS-Family Protection Specialist, Advanced. In cases such as Ms. Fields' where no equivalent job exists, the Act says "the employer will search for a job suitable for the employee, even if it results in a material reduction." Other suitable positions are social work positions which would still entail her going out into the field and may require her to climb stairs. However, the agency continues to search for a suitable position for Ms. Fields that would avoid her having to go into homes, climb stairs, travel or have a reduction in salary. Ms. Fields is not being discriminated or retaliated against for any reason. Positions have been identified that would meet the requirements of her medical statement. However, Ms. Fields has repeatedly stated that she does not wish to take a lesser paying position. As a result the agency continues to search for a position that would accommodate her needs in compliance with her medical restrictions.*

   *We are an equal opportunity employer and assures equal employment opportunities to all persons regardless of political affiliation, race, color, handicap, genetic information, religion, national origin, sex, religious creed, age, or disability.*

8. Submit copies of all written rules, policies and procedures relating to the issue(s) raised in the charge. If such does not exist in written form, explain the rules, policies and procedures.

   *See Exhibit "B."*

**BASIS: RETALIATION**

1. List by name, and position all officials of your organization who have been informed of, or knew of all the allegations of discrimination made by the Charging Party, if any. For each person listed, state the date such notification was received, the nature of the notification, and the person's response to it. Submit all documents which state, describe, reference, or relate to the notification of the Charging Party's compliance.

   *No one in this agency was informed of or knew of the allegations of discrimination made by Charging Party.*

2. Describe any personnel action(s) involving Charging Party taken after the earliest date any person in your organization had knowledge of Charging Party's allegation(s) of discrimination. Submit all documents which state, describe, reference, or relate to these personnel actions.

   *No personnel actions involving Charging Party has been taken since the agency had knowledge of allegation(s) of discrimination.*

*EXHIBIT* *"A"*

# REGION 3, SOUTH
# HINDS COUNTY
## Division of Family/Childrens' Services

Department of Human Services
Agency 90650/0662 FY 2016
July 1, 2015 Revised 7/22/2015
Page 319



| DHS-Area Social Work Supv |
|---|
| 37.5    E    0413 |
| Region 3    Hinds |

| Clerk Typist Senior |
|---|
| 18.0    N    8911 |

| DHS-Family Prot. Spec. |
|---|
| 1368  8156 |
| 27.6    E    1367 |

| DHS-Family Prot. Spec., Advanced |
|---|
| 32.7    E    9112 |

| DHS-Family Prot. Worker I |
|---|
| 8092 |
| 23.6    E    0765 |

| DHS-Family Prot. Worker II |
|---|
| 1393   1139 |
| 27.6    E    1365 |

HindReg3.opx
*Time-Limited

*EXHIBIT "B"*



# MISSISSIPPI STATE PERSONNEL BOARD

# MISSISSIPPI STATE EMPLOYEE HANDBOOK

### Effective Date 7/1/2015

**BOARD MEMBERS**
Alwyn H. Luckey, Chairman
Nick P. Ardillo, Vice Chairman
Donald G. Brown
Donald R. Taylor
J. Lee Yancey

**EXECUTIVE DIRECTOR**
Deanne Mosley

210 East Capitol Street, Suite 800 · Jackson, Mississippi 39201
Phone: (601) 359-1406 · Fax: (601) 359-2729 · www.mspb.ms.gov

*Special Procedure for Claims of Harassment or Discrimination*

If the employee's grievance is a complaint of unlawful discrimination or harassment and the source of the alleged discrimination or harassment is in the employee's chain of command, the employee may skip the source of the alleged discrimination or harassment's level of management by proceeding to the next step in the process and filing the grievance directly with the discriminating or harassing supervisor's supervisor. If the alleged source of the discrimination or harassment is the employee's agency head, then the employee may contact the MSPB Executive Director for assistance and may be advised to file an appeal directly with the Employee Appeals Board without exhausting agency level remedies.

*Time Limit*

If a grievance is not presented within the time limits as set forth above, it will be considered waived. If a grievance is not advanced to the next step within the specified time limit or an agreed extension thereof, it will be considered settled on the basis of the supervisor's, appointing authority's or designee's last answer. If the supervisor, appointing authority, or designee does not answer the grievance within the specified time limit, the employee may elect to treat the relief requested as denied at that step and immediately appeal the grievance to the next step. Time limits on each step may be extended by mutual written agreement of the parties involved.

## 8.6 AMERICANS WITH DISABILITIES ACT GRIEVANCE PROCEDURE

A.  Any applicant for an employment position or employee who has reason to believe that they have been unlawfully discriminated against by a State agency on the basis of disability may file a grievance in accordance with this separate grievance procedure. A copy of the ADA Grievance Form can be found at http://www.mspb.ms.gov and in Appendix B of this Handbook. Implementation of this separate Americans with Disabilities Act (ADA) Grievance Procedure is not intended to prohibit an applicant or State employee from utilizing the existing grievance procedures. Grievants are not required to exhaust this separate ADA Grievance Procedure prior to filing a complaint with an applicable federal agency.

B.  The ADA Grievance Procedure begins with the individual who is filing the grievance preparing and submitting a written statement. The statement should contain the name, address, and telephone number of the individual or their authorized representative filing the complaint; a brief and specific description of the situation, incident, or condition being grieved and reasons therefore; identity of the grievant; identity of witnesses, if any; the remedy the individual is seeking; and the signature of the individual filing the grievance properly dated by this individual. (*See* Appendix B for a sample form.)

C.  The grievance should be submitted to the human resources director or ADA coordinator of the agency where the alleged discrimination occurred within seven (7) working days of when the grievant became aware of the cause of the complaint.

D.  The agency's human resources director, ADA coordinator, or a designee will have three (3) working days to provide to the grievant a written acknowledgment of the grievance.

E.  The agency human resources director, ADA coordinator, or a designee will promptly conduct a review of the issues involved in the grievance. If a resolution of the grievance is mutually agreeable by the parties involved, the agency human resources director or ADA coordinator will facilitate arrangement of the resolution and make a record of this agreement. If no resolution is possible, the human resources director, ADA coordinator, or a designee will provide a written response to the grievant outlining all of the relevant issues concerning the grievance. This response shall be approved by the agency head or appointing authority and must be completed no later than fifteen (15) working days from the agency's receipt of the grievance.

F.  If a grievance is not presented within the time lines as set forth herein above, it will be considered waived absent an extension by written mutual consent. If the human resources director, ADA coordinator, or designee does not answer or acknowledge receipt of the grievance within the specified time lines, the grievant may elect to treat the grievance as denied at that point and immediately appeal the grievance to the Mississippi Employee Appeals Board unless an extension of time is granted to the human resources director, ADA coordinator, or designee to respond by written mutual agreement.

Effective Date: March 1, 2010

## HANDBOOK ACKNOWLEDGEMENT

By my signature below, I acknowledge receipt of the March 2010 Mississippi State Employee Handbook. It is my responsibility to read this handbook, which serves as a general guide regarding rules and regulations of employment in state government.

_Angela Fields_
Employee Name (please print)

_[signature]_
Employee Signature

_____
Social Security Number

3-9-2010
Date

RECEIVED HUMAN RESOURCES
2010 MAR 25 AM 6:30



# U.S. Equal Employment Opportunity Commission
## Jackson Area Office

100 West Capitol Street
Suite 338
Jackson, MS 39269
(601) 948-8466
TTY (601) 948-8469
Fax: (601) 948-8401

Charging Party: Angela Z. Fields
EEOC Charge No.: 423-2015-02322

October 9, 2015

Gloria Jackson, Personnel Director
MISSISSIPPI DEPARTMENT OF HUMAN SERVICES
Division of Human Resources
P. O. Box 352
Jackson, MS 39205

Dear Ms. Jackson:

Your organization is hereby requested to submit information and records relevant to the subject charge of discrimination. The Commission is required by law to investigate charges filed with it, and the enclosed request for information does not necessarily represent the entire body of evidence which we need to obtain from your organization in order that a proper determination as to merits of the charge can be made. Please submit a response to the requested information by the deadline cited below.

The information will only be disclosed in accordance with 29 C.F.R. 1601.22, or otherwise made public if the charge results in litigation.

Sincerely,

Wilma J. Scott
Area Office Director

Response Deadline Date: November 9, 2015

The following dates are considered to be the "relevant period" for the attached Request for Information:
January 1, 2014 - October 9, 2015

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## REQUEST FOR INFORMATION

Charging Party: Angela Z. Fields
Respondent: MISSISSIPPI DEPARTMENT OF HUMAN SERVICES
EEOC Charge No.: 423-2015-02322

1. Give the correct name and address of the facility named in the charge.

2. State the total number of persons who were employed by your organization during the relevant period. Include both full and part-time employees. How many employees are employed by your organization at the present time?

3. Supply an organizational chart, statement, or documents which describe your structure, indicating, if any, the relationship between it and superior and subordinate establishments within the organization.

4. Supply a statement or documents which identify the principal product or service of the named facility.

5. State the legal status of your organization, i.e., corporation, partnership, tax-exempt non-profit, etc. If incorporated, identify the state of incorporation.

6. State whether your organization has a contract with any agency of the federal government or is a subcontractor on a project which receives federal funding. Is your organization covered by the provisions of Executive Order 11246? If your answer is yes, has your organization been the subject of a compliance review by the OFCCP at any time during the past two years?

7. Submit a written position statement on each of the allegations of the charge, accompanied by documentary evidence and/or written statements, where appropriate. Also include any additional information and explanation you deem relevant to the charge.

8. Submit copies of all written rules, policies and procedures relating to the issue(s) raised in the charge. If such does not exist in written form, explain the rules, policies and procedures.

Basis: RETALIATION

1. List by name, and position all officials of your organization who have been informed of, or knew of all the allegations of discrimination made by the Charging Party, if any.  For each person listed, state the date such notification was received, the nature of the notification, and the person's response to it. Submit all documents which state, describe, reference, or relate to the notification of the Charging Party's complaint.

2. Describe any personnel action(s) involving Charging Party taken after the earliest date any person in your organization had knowledge of Charging Party's allegation(s) of discrimination. Submit all documents which state, describe, reference, or relate to these personnel actions.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Jackson Area Office

Dr. A. H. McCoy Federal Building
100 W. Capitol Street, Suite 338
Jackson, MS 39269
Jackson Direct Dial: (601) 948-8466
TTY (601) 948-8469
FAX (601) 948-8401
Website: www.eeoc.gov

October 9, 2015

Gloria Jackson, Personnel Director
Mississippi Department of Human Services
Division of Human Resources
P.O. Box 352
Jackson, MS 39205

Re:   Angela Z. Fields v. Mississippi Department of Human Services
      EEOC Charge No. 423-2015-02322

Dear Ms. Jackson:

A charge of unlawful discrimination has been filed against your company, Mississippi Department of Human Services, by Angela Z. Fields, the Charging Party. In an effort to expedite the charge resolution process, your charge has been selected for mediation by the Equal Employment Opportunity Commission (EEOC). Mediation is an informal process in which those involved in a dispute jointly explore and reconcile their differences. Mediation is offered as an alternative to the often lengthy investigative process traditionally used to determine the merits of charges of discrimination filed with EEOC. The purpose of mediation is to help the parties reach a fair and expeditious resolution of the charge prior to an investigation. If the charge is resolved during the mediation process, the charge will be closed and the terms of the agreement will end further processing by the Commission.

Mediation focuses on a resolution of the underlying dispute by addressing the interests of both parties. It is not a forum for reaching a determination on whether discrimination occurred. Therefore, any agreement reached during mediation does not constitute an admission that discrimination occurred. However, the agreement will resolve the employment dispute.

Participation in the mediation program is completely voluntary. If you decide to participate in the mediation program, the individual representing your entity during the mediation session must have authority to settle the case at the scheduled mediation.

The "Agreement to Mediate" is enclosed. You should complete and return the agreement if you are interested in mediating this charge. If we do not hear from you within 15 days from the date of this letter, the charge may be assigned to an investigator and processed under normal charge processing procedures.

If you have any questions concerning the mediation program, please call me at (601) 948-8459.

Sincerely,

Geraldine T. Kelly
ADR Mediator

Enclosure



**U.S. Equal Employment Opportunity Commission**
**Jackson Area Office**

100 West Capitol Street
Suite 338
Jackson, MS 39269
(601) 948-8466
TTY (601) 948-8469
Fax: (601) 948-8401

Charging Party: Angela Z. Fields
EEOC Charge No.: 423-2015-02322

October 9, 2015

Gloria Jackson, Personnel Director
MISSISSIPPI DEPARTMENT OF HUMAN SERVICES
Division of Human Resources
P. O. Box 352
Jackson, MS 39205

Dear Ms. Jackson:

Your organization is hereby requested to submit information and records relevant to the subject charge of discrimination. The Commission is required by law to investigate charges filed with it, and the enclosed request for information does not necessarily represent the entire body of evidence which we need to obtain from your organization in order that a proper determination as to merits of the charge can be made. Please submit a response to the requested information by the deadline cited below.

The information will only be disclosed in accordance with 29 C.F.R. 1601.22, or otherwise made public if the charge results in litigation.

Sincerely,

Wilma J. Scott
Area Office Director

Response Deadline Date: November 9, 2015

The following dates are considered to be the "relevant period" for the attached Request for Information: January 1, 2014 - October 9, 2015

# JACKSON AREA OFFICE

## AGREEMENT TO MEDIATION

The employer is in receipt of Charge No. **423-2015-02322**. The employer is interested in resolving this charge through the Equal Employment Opportunity Commission's (EEOC) Alternate Dispute Resolution (mediation) process.

We understand that the charge has been selected for mediation and the charge will be mediated by an EEOC mediator or an external mediator on contract to the Commission.

We understand that the mediation process is voluntary and non-binding. We understand that either the Charging Party or Respondent may opt out of mediation at any time without adversely affecting the way the EEOC will process the charge. If the charge is not resolved through mediation, it will be processed through EEOC's charge processing procedure. Should the charge be resolved through mediation, the EEOC will terminate its processing of the charge and the Charging Party will waive his/her right to sue in Federal Court.

We understand that the mediation process is confidential. The employer will not disclose any information discussed within the mediation process or the outcome of the mediation process. The employer does authorize an external mediator, if applicable, to disclose to the EEOC's Birmingham District Office the final results of the mediation process and any benefits received by the complainant. This information is collected for ADR program evaluation purposes only.

By consenting to participate in this mediation, the employer agrees to cooperate with the EEOC and the mediator toward resolving the charge.

We have tentatively scheduled your mediation conference for:     **Date to be determined.**

☐     Yes, I will participate:_____
                                    Name and telephone number of Representative attending

                                    _____
                                    (propose dates you are available for a mediation conference)


☐     I do not wish to participate in the ADR process. I will submit my response to the charge and supporting documentation within 30 days.


_____            _____
Signature for the Respondent                                                    Date
(Please print/sign name)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### REQUEST FOR INFORMATION

Charging Party: Angela Z. Fields
Respondent: MISSISSIPPI DEPARTMENT OF HUMAN SERVICES
EEOC Charge No.: 423-2015-02322

1. Give the correct name and address of the facility named in the charge.

2. State the total number of persons who were employed by your organization during the relevant period. Include both full and part-time employees. How many employees are employed by your organization at the present time?

3. Supply an organizational chart, statement, or documents which describe your structure, indicating, if any, the relationship between it and superior and subordinate establishments within the organization.

4. Supply a statement or documents which identify the principal product or service of the named facility.

5. State the legal status of your organization, i.e., corporation, partnership, tax-exempt non-profit, etc. If incorporated, identify the state of incorporation.

6. State whether your organization has a contract with any agency of the federal government or is a subcontractor on a project which receives federal funding. Is your organization covered by the provisions of Executive Order 11246? If your answer is yes, has your organization been the subject of a compliance review by the OFCCP at any time during the past two years?

7. Submit a written position statement on each of the allegations of the charge, accompanied by documentary evidence and/or written statements, where appropriate. Also include any additional information and explanation you deem relevant to the charge.

8. Submit copies of all written rules, policies and procedures relating to the issue(s) raised in the charge. If such does not exist in written form, explain the rules, policies and procedures.

Basis: RETALIATION

1. List by name, and position all officials of your organization who have been informed of, or knew of all the allegations of discrimination made by the Charging Party, if any. For each person listed, state the date such notification was received, the nature of the notification, and the person's response to it. Submit all documents which state, describe, reference, or relate to the notification of the Charging Party's complaint.

2. Describe any personnel action(s) involving Charging Party taken after the earliest date any person in your organization had knowledge of Charging Party's allegation(s) of discrimination. Submit all documents which state, describe, reference, or relate to these personnel actions.